# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER PETERS** | **CIVIL ACTION** |
| **versus** | **NO. 12-663** |
| **STEVE RADER** | **SECTION: "H" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Christopher Peters, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On April 25, 2007, he was convicted under Louisiana law of possession with the intent to distribute cocaine.[1] On September 5, 2007, he was sentenced to a term of fifteen years imprisonment.[2] On June 6, 2008, the Louisiana First Circuit Court of

---

[1] State Rec., Vol. IV of V, trial transcript, p. 568; State Rec., Vol. I of V, minute entry dated April 25, 2007; State Rec., Vol. I of V, jury verdict form.

[2] State Rec., Vol. I of V, transcript of September 5, 2007, p. 11; State Rec., Vol. I of V, minute entry dated September 5, 2007.

Appeal affirmed that conviction and sentence.[3] The Louisiana Supreme Court then denied petitioner's related writ application on March 13, 2009.[4]

On March 17, 2010, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[5] That application was denied on July 22, 2010.[6] Petitioner's related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on February 28, 2011,[7] and by the Louisiana Supreme Court on October 14, 2011.[8]

On March 6, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[9] The state argues that the application is untimely.[10] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[11] On that point, the United States Fifth Circuit Court of Appeals has explained:

---

[3] State v. Peters, No. 2008 KA 0077, 2008 WL 2332285 (La. App. 1st Cir. June 6, 2008); State Rec., Vol. IV of V.

[4] State v. Peters, 5 So.3d 115 (La. 2009) (No. 2008-KO-1485); State Rec., Vol. IV of V.

[5] State Rec., Vol. IV of V.

[6] State Rec., Vol. IV of V, Order dated July 22, 2010.

[7] State v. Peters, No. 2010 KW 2043 (La. App. 1st Cir. Feb. 28, 2011); State Rec., Vol. IV of V.

[8] State v. Peters, 74 So.3d 722 (La. 2011) (No. 2011-KP-0655); State Rec., Vol. IV of V.

[9] Rec. Doc. 1.

[10] Rec. Docs. 9 and 10.

[11] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on March 13, 2009. As a result, for AEDPA purposes, his state criminal judgment became final, and his federal limitations period therefore commenced, on June 11, 2009. See id. at 317-18. That federal limitations period then expired one year later, unless the deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After two hundred seventy-eight (278) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on March 17, 2010. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). The state does not challenge the timeliness of

petitioner's related appellate writ applications and in fact concedes that tolling continued until the Louisiana Supreme Court denied relief on October 14, 2011.[12]

At that point, petitioner had only eighty-seven (87) days of the federal limitations period remaining. Accordingly, he had only until January 9, 2012, to file his federal application, unless the limitations period was again tolled by a properly filed application for state post-conviction or other collateral review. Because petitioner had no such applications pending at any time on or before January 9, 2012, he clearly is not entitled to further statutory tolling.

That said, the Court must also consider whether equitable tolling is warranted. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[12] Rec. Doc. 10, p. 3. A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before January 9, 2012. Because his federal application was not filed until March 6, 2012,[13] it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Christopher Peters be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this seventeenth day of May, 2012.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on March 6, 2012. Rec. Doc. 1, p. 15.

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.